UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. KINDLE,<br><br>     Plaintiff,<br><br>    v.<br><br>AAA AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA,<br><br>     Defendant. | Case No. 2:21-cv-06256-RGK-SHK<br><br>**ORDER DISMISSING CASE** |

  For the following reasons, this case is **DISMISSED** without prejudice.

      **I.**   **BACKGROUND**

  On August 3, 2021, Plaintiff Andrew Kindle ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a complaint ("Complaint" or "Compl.") against AAA Automobile Club of Southern California ("AAA" or "Defendant") alleging violations of "42 U.S.C. § 1981 and Civil Rights Act Title IV." Electronic Case Filing Number ("ECF No.") 1, Compl. at 4. On August 6, 2021, the Court issued an Order mandating the service of the summons and Complaint on Defendant. ECF No. 6, Order Re: Service at 1. On August 27, 2021, Plaintiff filed a Proof of Service. ECF No. 8. It appears that Plaintiff served the summons and Complaint on

Defendant, but Defendant did not file an answer or otherwise respond to the Complaint.  Generally, defendants must answer or otherwise respond to a complaint within 21 days after service.  See Fed. R. Civ. Proc. 12(a)(1).

Consequently, on September 29, 2021, Plaintiff filed a document requesting an entry of a Default Judgment against Defendant.  ECF No. 11.  However, rather than requesting that a default be entered by the Clerk, Plaintiff's document improperly sought to have the Court grant a default judgment against Defendant.  See id.  On October 8, 2021, the Clerk issued a Notice of Deficiency Default/Default Judgment because there was No Entry of Default against Defendant on file.  ECF No. 12.  On October 18, 2021, Plaintiff filed a second Request for Entry of Default with respect to Defendant.  ECF No. 13.  However, on October 19, 2021, the Clerk issued a Notice of Deficiency due to deficiencies in Plaintiff's proof of service, including a lack of proof of service/waiver of service on file and the absence of a return receipt of service.  ECF No. 14.  On October 22, 2021, Plaintiff filed a third Request for Entry of Default with respect to Defendant.  ECF No. 15.  In it, Plaintiff attached a receipt but failed to properly indicate that the summons and Complaint was served or indicate upon whom it was served.  Id.  Thus, on October 28, 2021, the Clerk issued a Notice of Deficiency due to the deficiencies in Plaintiff's proof of service.  ECF No. 16.

On December 15, 2021, the Court issued an Order to Show Cause ("OSC"), by December 29, 2021, why the case should not be dismissed for failure to prosecute.  ECF No. 17, OSC.  Plaintiff was instructed that the OSC would be discharged if Plaintiff timely filed a motion for the entry of default judgment with respect to Defendant.  Id. at 2.  On December 27, 2021, the mail copy of the OSC was returned to the Court as it was undeliverable to Plaintiff at the address on file for Plaintiff and it was unable to be forwarded.  ECF No. 18, Returned Mail.  As of the date of this Order, Plaintiff has failed to file a motion for the entry of default judgment, respond to the Court's OSC, or otherwise participate in this litigation.

## II. LEGAL STANDARD

### A. Failure to Prosecute

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out five factors similar to those in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

### B. Failure to Update Court Regarding Address Change

Local Rule of Civil Procedure for the United States District Court for the Central District of California ("Local Rule") 41-6 requires a pro se party to keep the Court and opposing parties apprised of the party's current address, telephone

number, and e-mail address, if any.  If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

### III.  DISCUSSION

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being instructed to respond to the OSC by filing a motion for the entry of default judgment, Plaintiff has failed to do so.  Plaintiff has also failed to respond to or attempt to move forward the litigation in any way.  Plaintiff's failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted).  Nothing suggests such a presumption is unwarranted in this case, considering that Plaintiff has failed to comply with the Court's OSC and Plaintiff has not offered any excuse for his failure to comply with the OSC and respond in a timely manner.  Thus, this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits— ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and

(3) warned of the consequences of failure to do so.  Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's repeated failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation.  Despite the Court's attempt to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents and failing to otherwise cooperate in prosecuting this action.  The Court is not aware of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Furthermore, based on the recent returned mailing of the OSC, the Court concludes that Plaintiff failed to properly inform the Court of his updated address, in violation of Local Rule 41-6.  See ECF No. 18, Returned Mail.  The OSC was mailed to Plaintiff's address on record on December 16, 2021.  Therefore, to comply with Local Rule 41-6, Plaintiff had fifteen days from that date, or until December 31, 2021, to update the Court of Plaintiff's current address.  However, to date, the Court has received no such notification.

Accordingly, because Plaintiff has both failed to prosecute the matter and failed to properly inform the Court of his updated address, the Court finds that dismissal of this action, without prejudice, is appropriate here.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that the case is **DISMISSED** without prejudice.

Dated: February 17, 2022

_____
HONORABLE R. GARY KLAUSNER
United States District Judge

Presented by:

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge